

Signed and Filed: March 09, 2010

_____
**THOMAS E. CARLSON**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 09-32762 SFC |
| CASIMIRA T. LUMIDAO, | Chapter 13 |
| Debtor. | |

**MEMORANDUM DECISION RE OBJECTION TO CLAIM OF ONEWEST BANK, FSB**

The court held a trial on March 9, 2010 regarding Debtor's objection to the secured claim of OneWest Bank, FSB (OneWest). Bert M. Vega appeared for Debtor. Kelly M. Raftery appeared for OneWest. Upon due consideration, and for the reasons stated below, I determine that the objection to claim should be overruled.

In 2005, Debtor obtained a 30-year loan in the amount of $677,000 secured by her residence. The promissory note (the Note) provides for both an adjustable rate of interest and negative amortization for a limited period of time. The Note provides for an initial required monthly payment of $2,485. The Note clearly states that this payment may be less than the interest accruing on the loan, and that the principal balance may therefore increase.

MEMORANDUM DECISION RE OBJECTION
TO CLAIM OF ONEWEST BANK, FSB
-1-

The Note also clearly states that once the principal balance reaches 110 percent of the initial principal balance, the required monthly payments will increase to an amount sufficient to amortize the full principal balance over the remaining term of the loan. When Debtor hit the 110 percent limit, OneWest notified her that the required monthly payment increased to $4,554.

Debtor, who is not financially sophisticated, testified that she did not fully understand the negative-amortization and percent-of-principal-limit features of the Note, and thought that her payments would not increase until January 2011. She seeks to have this court determine that the Note is an adhesion contract that should be construed to conform to her expectation that her payments would not increase until 2011.

The following principles govern the enforcement of contracts of adhesion under California law. (1) A contract of adhesion is a standard-form contract drafted and imposed by the party of superior bargaining power on a take-it-or-leave-it basis. (2) Courts will review an adhesion contract carefully, and will decline to enforce that contract if it either: (a) leads to an unconscionable result; or (2) if the terms fall outside the reasonable expectations of the weaker party. Contractual terms do not fall outside the reasonable expectations of weaker party simply because that party did not understand them fully; the weaker party must show that she would not have made the contract had she understood its terms. 1 Witkin, Summary of California Law, Contracts §§ 323-325 (10th ed. 2005)

I find that the Note is an adhesion contract. I also find that the terms of the Note are not substantively unconscionable. Limiting the amount by which negative amortization increases the

**MEMORANDUM DECISION RE OBJECTION**
**TO CLAIM OF ONEWEST BANK, FSB**

balance due is not unreasonable.  Moreover, this is not a situation in which Debtor was induced to refinance on risky terms a home that she had owned for many years and in which she had substantial equity.  Debtor purchased the house only two years before obtaining this loan, and introduced no evidence that she ever had any significant equity in the house.  Finally, I find that Debtor failed to show that she would not have entered into the contract had she understood its terms.  Debtor did not testify that she would not have obtained the loan if she had understood the percent-of-principal limit and known that she would have to make full-amortization payments before 2011.  Debtor's argument is that the contract should be construed against OneWest simply because Debtor did not understand it.  This is not sufficient, where the loan terms are set forth in language that is plain and unambiguous, where those terms do not work a forfeiture, and where Debtor did not testify that she would not have obtained the loan had she understood its terms.

**\*\*END OF MEMORANDUM DECISION\*\***